UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALY KONONOV, | No. 2:20-cv-1110-DB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY MAIN JAIL, | |
| Defendant. | |

Plaintiff is a former state prisoner proceeding pro se seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis and has submitted a declaration showing that he is unable to pay the court fees. Accordingly, the request to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by individuals seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

2    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4    Cir. 1989); Franklin, 745 F.2d at 1227.

5        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

8    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

9    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

10   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

11   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

12   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

13   McKeithen, 395 U.S. 411, 421 (1969).

14       The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is

15   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

16   Court has determined that the complaint does not contain a short and plain statement as required

17   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

18   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

19   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

20   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

21   Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

22   complaint is subject to dismissal. Plaintiff will, however be granted leave to file an amended

23   complaint.

24       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

25   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

26   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

27   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

28   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

1  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
2  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
3  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of
4  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
6  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading.  This is because, as a
8  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
9  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12      In accordance with the above, **IT IS HEREBY ORDERED** that:

13      1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is **GRANTED**.

14      2. Within thirty days from the date of service of this order, plaintiff must file either a
15 second amended complaint curing the deficiencies identified by the Court in this order, a notice
16 of voluntary dismissal, or a notice of election to stand on the first amended complaint; and

17      3.   If plaintiff fails to file a second amended complaint or notice of voluntary
18 dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a
19 court order and failure to state a claim.

20 Dated:  September 23, 2020

23 /DLB7;
DB/Inbox/Substantive/kono1110.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3