1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VITALY KONONOV,                          No.  2:20-cv-1110-DB (PC)

12              Plaintiff,

13        v.                                  ORDER

14   SACRAMENTO COUNTY MAIN JAIL,
     et al.,
15
                Defendants.
16

17        Plaintiff is a former detainee or prisoner proceeding pro se seeking relief pursuant to 42

18   U.S.C. § 1983. Previously, plaintiff's first amended complaint, which was filed just two weeks

19   after plaintiff initiated this case, was screened and found to be devoid of a cognizable claim.

20   Plaintiff has now filed a second amended complaint, which is before the court for screening.

21   I.      Screening Requirement

22        Generally, the court is required to screen complaints brought by individuals seeking relief

23   against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

24   1915A(a). The court must dismiss a complaint or portion thereof if the plaintiff has raised claims

25   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

27   U.S.C. § 1915A(b)(1), (2).

28

                                        1

1    **II.    Pleading Requirement**

2         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8    Cir. 1989); Franklin, 745 F.2d at 1227.

9    **III.    Plaintiff's Allegations**

10        As with his first amended complaint, plaintiff's pleading is difficult to decipher. As best

11   as the Court can determine, plaintiff was housed at the Sacramento County Main Jail at all times

12   relevant to this action. He brings this suit against 52 defendants on allegations arising from

13   several unrelated incidents:

14        **A.  Assault and Battery**

15        On January 7, 2019, Deputy Walker stabbed plaintiff's left hand with a Folger Adams key

16   (presumably a device used by correctional staff for self-defense), resulting in severe injury and a

17   break in the bones of the hand. The next day, Sergeant McCoy took photographs and medical x-

18   rays of the hand. Plaintiff accuses the deputies of stealing his lunch and hot soups.

19        Attached to the complaint is an incident report that provides further details regarding this

20   incident. (ECF No. 9 at 9.) According to this report, Deputy Walker was attempting to serve food

21   to plaintiff through the food port when plaintiff reached his left hand out and grabbed Deputy

22   Walker's left hand, screaming "Where's my fucking soup!" Deputy Walker tried to close the food

23   port to no avail. He then used his Folger Adams key and struck plaintiff's hand quickly three

24   times to force plaintiff to release his grip. Plaintiff then swiped at the deputy with his right arm

25   through the food port before Deputy Walker was able to close the food port door. While Deputy

26   Walker was walking away, plaintiff "threatened he was going to kill [him] an[d] wanted to stab

27   [him] in [his] teeth."

28   ////

                                               2

1

**B. Prison Rape Elimination Act**

2      On June 17, 2019, individuals named Amy, Kendra, Kassandra, Natalie, Zoey, and Sandra

3  entered plaintiff's cell while he was unconscious in a medical coma, and they wired his room with

4  surveillance cameras. Plaintiff notified the Prison Rape Elimination Act coordinator about their

5  allegedly unauthorized entry and the fact that the "string with soap smear" was broken.

6      **C. Gassing**

7      Plaintiff claims that Agent Orange was pumped into his cell through the HVAC system,

8  causing him a severe reaction.

9      **D. Food Deprivation**

10      Unidentified deputies threw plaintiff's food on the ground, and plaintiff ate the food from

11  the floor of his cell. The deputies were also stealing plaintiff's lunches, his soups, and restricting

12  access to commissary purchases.

13      **E. Showers**

14      The defendants are not allowing plaintiff to shower.

15      **F. Day & Night Rooms**

16      The defendants are not allowing plaintiff to use the day and night rooms.

17      **G. Outdoor Recreation**

18      The defendants are denying plaintiff outdoor exercise.

19      **H. Legal Mail Theft**

20      The defendants, to include Deputy Lukes, are denying plaintiff personal and legal mail.

21      **I. Personal Property**

22      On April 4, 2019, plaintiff was extracted from his cell by an emergency response team.

23  The defendants, to include Sergeant Smolich and Amelia K. Brown, took all of plaintiff's

24  personal property.

25      Attached to plaintiff's pleading is a form titled "Sacramento County Sheriff's Department

26  Correctional Services Grievance Reply Form" drafted by Sergeant Smolich on May 8, 2019,

27  apparently replying to a grievance form submitted by plaintiff. (ECF No. 9 at 19.) Sergeant

28  Smolich wrote:

On the date you list as having been extracted from your cell, you came out voluntarily. The items you claim were taken were not there when the incident occurred. You[r] cell was littered with garbage and nothing was removed that even remotely resembled what you are referring to. Even if you had 32 books, you are only allowed 5 [so] most of them would have been removed. You were however in possession of a number of contraband items including the wiring for several cell emergency buttons and pieces of concrete.

### J.  Religious Books

The defendants, including the jail chaplain, stole plaintiff's mail and religious books.

### K.  Telephone Use

The defendants are denying plaintiff telephone usage.

### L.  Communications with Attorney

The defendants are denying plaintiff access to his lawyer and stealing his legal mail.

## IV.  Discussion

### A.  "Short and Plain Statement of the Claim"

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written ... prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

As with his previous pleading, plaintiff's second amended complaint does not comply with the standards of Rule 8. It is confusing, convoluted, and fails to set forth the facts in a

comprehensible manner. It also fails to clearly articulate the facts giving rise to any claim. For this reason alone, it is subject to dismissal.

### B.  "Numbered Paragraphs … Limited … to a Single Set of Circumstances"

Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count." Fed. R. Civ. P. 10(b). Plaintiff presents several pages without delineated paragraphs that overlap in their claims and allegations against separate defendants. The complaint is barely legible, difficult to decipher, and nonsensical at times. It is not the responsibility of the court to review a narrative in an attempt to determine the nature of a plaintiff's claims. Thus, plaintiff's complaint style and formatting fails to comply with Rule 10(b).

### C.  Joinder and Misjoinder of Parties

Federal Rule of Civil Procedure 18 allows a party asserting a claim for relief to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). A plaintiff may also bring claims against more than one defendant if (1) the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). A plaintiff may not, however, join unrelated claims against multiple defendants in a single action. See id.; see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) ("unrelated claims against different defendants belong in separate lawsuits").

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. However, the Court "may at any time, on just terms, add or drop a party." Id.; see Coughlin v. Rogers, 130 F.3d 1348, 1350 ("If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.") (citations omitted). "[T]he 'same transaction' requirement ... refers to similarity in the factual background of a claim." Coughlin, 130 F.3d at 1350.

As noted, plaintiff's complaint is premised on several unrelated incidents. There is no similarity in the factual background of these claims other than that these events occurred while plaintiff was incarcerated. This, however, is insufficient to proceed on unrelated claims.

**V.      Conclusion**

The Court finds the allegations in plaintiff's second amended complaint to be so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. In addition, plaintiff has joined several unrelated claims against an array of defendants. On these grounds, the court has determined that the second amended complaint is subject to dismissal. Plaintiff will be granted **one final opportunity** to amend his pleading.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint is subject to dismissal.

If plaintiff chooses to amend the second amended complaint, he must select only those claims that are related to one another and demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved. Plaintiff cannot rely on generalities, cannot claim that "all deputies" violated his rights, and cannot rely on first names only. In addition, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6

1    complaint be complete in itself without reference to any prior pleading.  This is because, as a

2    general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

3    F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

4    longer serves any function in the case. Therefore, in an amended complaint, as in an original

5    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6    Plaintiff is forewarned that, although he has been granted the opportunity to amend his complaint,

7    it is not for the purposes of adding new and unrelated claims. <u>George v. Smith</u>, 507 F.3d 605, 607

8    (7th Cir. 2007).

9        In accordance with the above, **IT IS HEREBY ORDERED** that:

10      1.  Within thirty days from the date of service of this order, plaintiff must file either a third

11    amended complaint curing the deficiencies identified by the court in this order, a notice of

12    voluntary dismissal, or a notice of election to stand on the second amended complaint; and

13      2.  If plaintiff fails to respond to this order, the court will recommend the action be

14    dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

15    Dated:  March 15, 2021

16

17

18                          DEBORAH BARNES
                        UNITED STATES MAGISTRATE JUDGE

19

20    /DLB7;
   DB/Inbox/Substantive/kono1110.scrn 2AC

21

22

23

24

25

26

27

28